UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUE KAISER-ENGEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-278 CAS |
| ) | |
| PEPSICO, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on plaintiff's motion to remand this action to state court. Defendant filed a memorandum in opposition to plaintiff's motion to remand. For the following reasons, the Court will grant plaintiff's motion.

**I. Background**

Plaintiff Sue Kaiser-Engel originally filed this class action against Pepsico, Inc. in Missouri state court on December 21, 2004. Kaiser-Engel is a resident of the State of Missouri. Pepsico is a North Carolina corporation with its headquarters and principal place of business in New York. Plaintiff's petition alleges that Pepsico violated the Missouri Merchandising Practices Act, Mo. Rev. St. § 407.020 (2000) ("MMPA") and received unjust enrichment by failing to inform customers that fountain Diet Pepsi is sweetened with a mixture of aspartame and saccharin in contrast to bottled Diet Pepsi, which is sweetened exclusively with aspartame. (Pet. ¶¶ 48, 49). Kaiser-Engel asserts that the class members are "all individuals who purchased for consumption and not resale fountain Diet Pepsi in the State of Missouri after December 17, 1999." (Pet. ¶ 7).

On February 11, 2005, Pepsico removed this case to federal court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Pepsico asserts that plaintiff's damages

will exceed $75,000 thus meeting the amount in controversy requirements of 28 U.S.C. § 1332. Kaiser-Engel filed a motion to remand and a motion for attorney's fees incurred as a result of the removal.

## II. Standard

"District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and the action is "between citizens of different states." 28 U.S.C. § 1332(a)(1). A defendant may remove state court actions to federal court that meet the requirements of original jurisdiction in § 1332. See 28 U.S.C. § 1441(a). After removal, the plaintiff may file a motion to remand the action to state court within thirty days after the filing of the notice of removal. See 28 U.S.C. § 1447(c).

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993); McHugh v. Physicians Health Plan, 953 F. Supp. 296, 299 (E.D. Mo. 1997). As the removing party in a case based upon diversity of citizenship, Pepsico has the burden of proving the jurisdictional amount. To meet its burden, Pepsico must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In re Minnesota Mut. Ins. Co. Sales Practices Litig., 346 F.3d 830, 836 (8th Cir. 2003).

## III. Discussion

In support of her motion to remand, Kaiser-Engel asserts that diversity jurisdiction does not exist in this case because the amount in controversy does not exceed $75,000. Kaiser-Engels' petition asserts that she is not seeking damages over $75,000.00 and disavows any damages over $75,000 per class member. (Pet. ¶ 3). Further, Kaiser-Engel asserts that she is disavowing any injunctive relief. Id. Kaiser-Engel also contends that as a member of the class, she does not seek any individual

damages in excess of $75,000. Kaiser-Engel contends that attorney's fees, costs, and punitive damages cannot be aggregated to meet the threshold amount in controversy.

Pepsico argues that plaintiff's damages claim is ambiguous because plaintiff has not stated the amount of damages sought and an unambiguous disavowal of damages over $75,000 per class member is inconsistent with her claim for disgorgement of profits. Pepsico's central argument is that because plaintiff did not individually or on behalf of the class specifically state she was disavowing damages over $75,000 regarding Count II, the amount in controversy exceeds $75,000. Kaiser-Engel's petition states, "Pepsico intended to make, and actually has made, at least tens or hundreds of millions of dollars in wrongfully obtained profits as a result of its deceptive, unfair, and unjust conduct." (Pet. ¶ 27). Pepsico asserts that because Kaiser-Engel's petition alleges that Pepsico made tens or hundreds of millions of dollars and asks for disgorgement of profits, the petition requests an amount in excess of $75,000. The Court disagrees.

Each plaintiff in a class action lawsuit must satisfy the jurisdictional amount in controversy, unless they "unite to enforce a single title or right in which they have a common and undivided interest." Zahn v. International Paper Co., 414 U.S. 291, 294 (1973) (citing Synder v. Harris, 394 U.S. 332, 336-37 (1969) and holding that individual class members' distinct claims for actual damages may not be aggregated to satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction); see Fielder v. Credit Acceptance Corp., 188 F.3d 1031, 1037 (8th Cir. 1999). Similarly, class members' claims for punitive damages, restitution, or attorney fees may not be aggregated to satisfy the jurisdictional requirement, unless the underlying claims meet the requirement that the plaintiffs "unite to enforce a single title or right in which they have a common and undivided interest." Crawford v. F. Hoffman-LaRoche Ltd., 267 F.3d 760, 765 (8th Cir. 2001) (quoting Snyder v. Harris, 394 U.S. 332, 335 (1969)).

Plaintiff has alleged that Pepsico's profits were several million dollars, but the approximate amount per class member is unknown. While the damages are based on Pepsico's profits, "and not the plaintiff's harm, each recovery is an individual right and constitutes an individual interest." Moriconi v. AT&T Wireless PCS, 280 F.Supp.2d 867 (E.D. Ark. 2003) (citations omitted). Pepsico has not provided even a reliable estimate of what profits may be disgorged for this proposed class. Any estimate of the disgorgement of profits by the Court would be speculation. See Varboncoeur v. State Farm Fire and Cas. Co., 356 F.Supp.2d 935, 945 (S.D. Iowa 2005)(court estimate of disgorged profits would constitute nothing more than a wild guess and such speculation is insufficient to meet defendant's burden to show that disgorgement of profits and premiums would add substantially, or even nominally to the amount in controversy). The Court finds that Pepsico has not met its burden to show by a preponderance of evidence that the amount in controversy exceeds $75,000. Therefore, plaintiff's motion to remand will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**. [Doc. 10]

**IT IS FURTHER ORDERED** that plaintiff's motion for attorney's fees is **DENIED**. [Doc. 10].

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri, for lack of subject matter jurisdiction.

                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this 17th day of May, 2005.